IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SHAWN GADSON and PPRP LOGISTICS, LLC, individually and on behalf of others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>NOVA LINES, INC.,<br><br>Defendant. | |

## CLASS ACTION COMPLAINT

Plaintiffs Shawn Gadson, and PPRP Logistics, LLC bring this case individually and on behalf of others similarly situated against Defendant Nova Lines, Inc. ("Nova Lines") for violations of the Truth in Leasing Act ("TILA"), 49 U.S.C. § 14704(a)(2), and for breach of contract. Plaintiffs bring their claims as a putative class action.

## NATURE OF THE CASE

1. Plaintiffs worked for Defendant as owner-operator/lessors, using trucks they leased to transport loads in interstate commerce. Defendant executed agreements with Plaintiffs to lease their equipment and pay them a percentage of the price of each load they transported for Defendant.

2. The first cause of action in this case arises under the Truth In Leasing Act ("TILA"), 49 U.S.C. § 14704(a)(2). TILA and its implementing regulations govern the terms and conditions under which owner-operator truckers lease equipment to federally authorized motor carriers that transport freight in interstate commerce. *See* 49 U.S.C. § 14102(a); 49 C.F.R. §376.12. TILA regulations require that those leases disclose the details of any escrow

withholdings and charge back items. *Id*. at § 376.12 (h), (k). Finally, the regulations require the motor carrier to adhere to the terms of the lease. *Id*. at § 376.12 (introductory paragraph).

3. Plaintiffs allege that Nova Lines violated the TILA by deducting significant chargebacks from owner-operators' wages without disclosing those deductions in the Nova Lines' equipment leases, not paying interest on their escrow deductions, not returning their escrow in full, overcharging Plaintiffs for fuel, and not adhering to the terms of the lease. Plaintiffs further allege that Defendants breached the terms of Plaintiffs' lease agreements in violation of the Illinois common law.

## PARTIES

4. Plaintiff Shawn Gadson, a South Carolina resident, is an interstate truck driver. He has a CDL Class A license and worked for Nova Lines as an owner-operator from approximately July 2023 to November 2023. During all times that Gadson worked for Nova Lines, he was not an agent of Nova Lines for the purposes of the TILA.

5. Plaintiff PPRP Logistics is a South Carlina business corporation. PPRP's principal, Dwayne Sanders, is an interstate truck driver and has a CDL Class A license. Sanders drove PPRP's equipment for Nova Lines as an owner-operator from approximately July 2023 to September 2023. During all times that PPRP and Sanders worked for Nova Lines, they were not agents of Defendant for the purposes of the TILA.

6. Defendant Nova Lines is an Illinois business corporation with its principal place of business in Bridgeview, Illinois. Nova Lines is a federally regulated motor carrier providing transportation services to the shipping public and is an "authorized carrier" within the meaning of 49 C.F.R. § 376.2(a).

7. Nova Lines is registered under MC-892806, US DOT # 2559423. According to

the SAFER – FMCSA management information systems, Nova Lines reported that it operates 324 power units (trucks) and 298 drivers as of January 10, 2023. Further, Nova Lines reported that it ran approximately 32 million miles in 2022.

## JURISDICTION AND VENUE

8. The Court has subject matter jurisdiction over this action pursuant to the TILA, 49 U.S.C. § 14704 and 28 U.S.C. § 1331.

9. The Court also has jurisdiction over this action pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2) because class members are citizens of multiple states and the amount in controversy exceeds $5 million.

10. Venue is proper in this jurisdiction under 18 U.S.C. § 1965(a) and 28 U.S.C. § 1391(a), (b), and (c) because a substantial part of the events and omissions giving rise to this action occurred in the Northern District of Illinois.

## COMMON FACTS

11. In July 2023, Gadson filled out an online application to drive for Nova Lines after seeing an online advertisement for Nova Lines.

12. After Gadson applied to drive for Nova Lines, Adam Olszewski, a Nova Lines recruiter, called him to arrange a drug test, a background check, and directed him to attend orientation at Nova Lines' headquarters in Illinois. Olszewski told Gadson that Nova Lines would cover the cost of travel and lodging, but Nova Lines later deducted it from his paychecks. *See* Ex. A, Gadson's Settlement Statements ("onboarding costs").

13. Gadson entered into a written lease agreement with Nova Lines. Ex. B, Gadson's Equipment Lease Agreement. Nova Lines required Gadson to sign multiple orientation forms including a document titled "Allowable Deductions Agreed Upon By Contractor," which listed

items to be deducted from his compensation. *See.* Ex. B.

14. Plaintiff PPRP also entered into a written lease agreement with Nova Lines and also signed a document titled "Allowable Deductions Agreed Upon By Contractor." Ex. C, PPRP Equipment Lease Agreement.

15. Nova Lines dispatchers, including David Railean, Roger Bogos, and Marshall Chirica, contacted Plaintiffs by phone and offered Plaintiffs loads to transport at a specific price.

16. Nova Lines made deductions from Plaintiffs' pay that were not permitted or contemplated by their lease agreement. *See* Ex. A; Ex. D, PPRP Settlement Statements. These deductions included:

   a. $50 for "cargo securement equipment;"
   b. $133 for "registration;"
   c. $100 for "onboarding costs;" and
   d. $300 for "maintenance and repair account."

17. Nova Lines also charged Plaintiffs more for fuel than it actually paid for the fuel.

18. Nova Lines also made $100 escrow deductions from Plaintiffs' settlement statements.

19. Nova Lines had no contractual basis for keeping Plaintiffs' escrow and maintenance and repair accounts, and it routinely kept other drivers' escrow and maintenance and repair accounts without contractual basis after they stopped driving for the company.

20. Nova Lines never paid interest on the escrow or maintenance and repair deductions that it took from Plaintiffs' or the other putative class members' pay.

21. On information and belief, Nova Lines has entered into substantively identical lease agreements with hundreds, if not thousands, of drivers.

22. It was Nova Lines' uniform policy to make deductions from Plaintiffs' and other drivers' pay that were not permitted or contemplated by their lease agreement. Nova Lines also charged Plaintiffs and other drivers more for fuel than it actually paid for the fuel.

## CLASS ALLEGATIONS

23. Plaintiffs bring this action on behalf of themselves and the following class of similarly situated individuals or entities, defined as:

> All individuals or entities that entered an equipment lease agreement with Nova Lines and hauled loads for the company from January 2, 2014 to the present.

24. The Class defined above satisfies the requirements of Rules 23(a).

   a. **Numerosity.** The Class is so numerous that joinder of all members is impracticable, and the disposition of their claims in a class action will provide substantial benefits to both the parties and the Court.

   b. **Commonality.** Common questions of law and fact predominate over individual issues affecting only individual class members. Questions of law and fact common to the Class include, among others, the following:

   - Whether Nova Lines breached its lease agreements with Plaintiffs and other drivers by making deductions that were not permitted under the agreements and by charging Plaintiffs more for fuel than it actually paid for fuel.

   - Whether Nova Lines refused to repay escrow deposits in violation of the TILA;

   - Whether Nova Lines failed to pay interest on escrow deposits.

   c. **Typicality**. Plaintiffs' claims are typical of the Class's claims because Plaintiffs and all Class members were injured through Defendant's uniform misconduct. The claims of Plaintiffs and the Class arise from the same

operative facts and are based upon the same legal theories. There are no defenses unique to Plaintiffs.

d. **Adequacy.** Plaintiffs will fairly and adequately protect and represent the interests the Class because (i) Plaintiffs have retained competent and experienced counsel that have the time, experience, and resources to litigate this case; (ii) Plaintiffs are members of the Class, their claims are typical of the Class, and they have suffered substantially similar injuries to those suffered by the rest of the Class; (iii) Plaintiffs' interest in obtaining monetary relief for the Class is consistent with and not antagonistic to the interests of the Class.

25. The proposed Class satisfies the requirements of Fed. R. Civ. P. 23(b)(3).

a. **Predominance**. Common questions predominate over any individual questions because the important and prevalent issues in this case concern Defendant's conduct and its effects, which are common to the Class. Individual issues are minor and may be nothing more than damages calculations pursuant to a formula.

b. **Superiority**. A class action is superior to any other available means for the fair and efficient adjudication of this controversy, and no unusual difficulties are likely to be encountered in the management of this class action. The damages suffered by Plaintiffs and the Class, while collectively substantial, are relatively small per Class member compared to the burden and expense required to individually litigate their claims. Individualized litigation creates a potential for inconsistent or contradictory judgments and increases the delay and expense to all parties and the court system. By contrast, the class action

device presents far fewer management difficulties, and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court. Both liability and damages can be determined in one class-wide proceeding.

## COUNT I
## Truth in Leasing Act

26. Plaintiffs incorporate all prior allegations as if fully stated herein.

27. Defendant Nova Lines is a motor carrier licensed with the U.S. Department of Transportation. Plaintiffs owned the trucks that they leased to Nova Lines for purposes of TILA.

28. Under the TILA regulations, an authorized carrier may perform authorized transportation in leased equipment only if the written lease granting the use of the equipment meets the requirements of 49 C.F.R. § 376.12.

29. Under the regulations, the required lease provisions must be "adhered to and performed by the authorized carrier." *Id.* § 376.12 (introductory paragraph).

30. Nova Lines did not adhere to the terms of the lease agreement because it made unauthorized deductions from Plaintiffs' pay. It also overcharged Plaintiffs for fuel expenses. *Id.* § 376.12(h).

31. Nova Lines violated the TILA by not paying interest on escrow deductions and by refusing to return Plaintiffs' escrow deposits. *Id.* § 376.12(k).

32. Under 49 U.S.C. § 14704(a)(2), Defendant is liable to Plaintiffs for the damages that they suffered on account of Defendant's regulatory violations.

## COUNT II
### Breach of Contract

33. Plaintiffs incorporate all prior allegations as if fully stated herein.

34. Nova Lines agreed to pay Plaintiffs a percentage of the price of the loads they hauled under the Nova Lines carrier license.

35. Nova Lines made unauthorized deductions from Plaintiffs' pay and overcharged them for fuel expenses.

36. Plaintiffs substantially performed all their obligations under their contracts with Nova Lines.

37. Nova Lines breached its contract with Plaintiffs by making unauthorized chargebacks from their pay and overcharging them for fuel.

### PRAYER FOR RELIEF

Plaintiffs, individually and on behalf of the Class, respectfully pray for the following relief:

   a. An order certifying the Class as defined above, appointing Plaintiffs' counsel as Class Counsel, and appointing Plaintiffs as class representatives;

   b. An award of compensatory damages;

   c. An award of reasonable attorneys' fees and costs;

   d. An award of pre- and post-judgment interest, to the extent allowable;

   e. Other further relief that the Court deems just and reasonable.

### JURY DEMAND

Plaintiffs demand trial by jury on all issues as to which a jury trial is available.

Date: January 2, 2024　　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　　　s/  Christopher J. Wilmes

Christopher J. Wilmes
Karen Villagomez
Hughes Socol Piers Resnick & Dym
70 W. Madison St., Ste. 4000
Chicago, IL 60602
(312) 580-0100
cwilmes@hsplegal.com (primary)